UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALBERT DANIEL RUIZ ARAUJO,

              Petitioner,

                                    Case No. 1:26-cv-1326

v.

                                      Honorable Robert J. Jonker

UNKNOWN PARTY et al.,

              Respondents.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.5.)

In an order entered on April 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 5.) Respondents filed their response on April 30, 2026. (ECF No. 6.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. Notice to Appear (NTA), ECF No. 2-2, PageID.14.) Petitioner entered the United States on or about July 12, 2022, at or near Eagle Pass, Texas, without inspection. (*Id.*) On July 14, 2022, the Department of Homeland Security (DHS) paroled Petitioner into the United States pursuant to Section "212(d)(5)" of the Immigration and Nationality Act (INA) which is codified at 8 U.S.C. § 1182(d)(5). (Form I-94, ECF No. 2-3, PageID.16.) Petitioner's parole was valid until September 12, 2022. (*Id.*) Petitioner subsequently filed a Form I-589 Application for Asylum and Withholding of Removal. (Asylum Application, ECF No. 2-4, PageID.18.)

On June 6, 2023, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the INA because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 2-2, PageID.14.) DHS then released Petitioner on his own recognizance. (2023 Form I-213, ECF No. 6-3, PageID.57.)

On February 18, 2026, a Customs and Border Patrol officer arrested Petitioner during an immigration inspection at the Detroit Ambassador Bridge. (2026 Form I-213, ECF No. 6-4, PageID.59.) On April 14, 2026, an immigration judge ordered Petitioner removed to Venezuela. (Immigration Judge Order, ECF No. 6-6, PageID.63.) Petitioner waived his appeal of that order, (*Id.*, PageID.64.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Discussion

Petitioner contends that he is being improperly subjected to defective, arbitrary, and prolonged detention pending removal. Respondents counter Petitioner's arguments by arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). In other words, "[w]hile removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (internal citations omitted).

Here, Petitioner waived his right to appeal the April 14, 2026, order of removal. (Immigration Judge Order, ECF No. 6-6, PageID.64.) Therefore, Petitioner's order of removal became final at that time. *See* 8 U.S.C. § 1101(a)(47)(B) (explaining that, for the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in

3

which the alien is permitted to seek review of such order by the Board of Immigration Appeals"). As a result, Petitioner is presently within the 90-day removal period and is subject to mandatory detention under § 1231(a)(2)(A). Therefore, based on the information presently before the Court, the Court will dismiss Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    May 7, 2026                          /s/ Robert J. Jonker
                                               Robert J. Jonker
                                               United States District Judge

4